STEPHEN MAHONEY *vs.* MERCHANTS & MINERS TRANSPORTATION COMPANY.

JUNE 22, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is an appeal from a decree of the superior court denying an employee's petition for relief under the workmen's compensation act, general laws 1938, chapter 300.   Whether it was a petition for review or an original petition for relief is in dispute.

The following facts are undisputed:   Petitioner was injured on October 3, 1938 by an accident arising out of and in the course of his employment by the respondent.   A preliminary agreement for compensation under the act, duly approved by the director of labor, was entered into by the parties on October 25, 1938.   Compensation thereunder at the rate of $7 per week, beginning October 7, 1938, was paid to the petitioner until February 6, 1939, when the director of labor, after a hearing on the merits of the respondent's petition for review of the preliminary agreement, found that the petitioner's disability resulting from the accident of October 3, 1938 had terminated and ordered payment of compensation to cease.   No appeal from that order was taken by the petitioner, who apparently had gone into a hospital after he had testified at that hearing and had remained there until February 15, 1939.

Nothing was done by the petitioner for about sixteen months thereafter and then, on June 3, 1940, he filed with the director of labor a petition that was entitled a petition for review.   This petition, which is in question in this proceeding, alleges substantially that petitioner was injured by accident October 3, 1938; that a preliminary agreement for total disability had been entered into and was approved by the director of labor; that he had received compensation thereunder until February 6, 1939; and that the respondent's petition for review, filed January 12, 1939, was heard on January 25, 1939 and was decided on February 6, 1939, at which time the director of labor ordered payments of compensation to cease.   It then alleges that the petitioner "is at the present time totally and permanently incapacitated and has been so ever since the 3d day of October, 1938. Wherefore, said Petitioner prays said Director of Labor to review

said agreement and (enter) a decree providing for a renewal of the payments of compensation to said Petitioner or make such other order as the justice of the case may require."

The director of labor, after the filing of this petition, appointed a disinterested physician to make an independent examination of the petitioner, who was also examined about the same time by another physician at the request of respondent. Thereafter, over the respondent's objection that the director of labor had no authority under the then existing law to entertain the petition in question, a formal hearing thereon was held at which the petitioner was present and testified. Various hospital records and reports upon X rays previously taken of petitioner in connection with his injuries from this accident, and those from a previous accident, were introduced in evidence, as were the reports of several doctors who had examined him since the accident of October 3, 1938. This evidence concerned the petitioner's physical condition not only from the accident in question, but also from an earlier accident of March 21, 1938 in which petitioner had been injured and had been paid compensation.

After considering such evidence the director of labor ruled that he had authority under the statute to entertain this petition for review. He then found that the petitioner was totally disabled at that time from injuries caused by the accident of October 3, 1938; that his disability had increased since February 6, 1939; and he accordingly awarded him compensation at the rate of $7 per week beginning with the date of his decision. From this order the respondent appealed to the superior court where the case was tried *de novo*. In accordance with a written stipulation by the parties, the trial justice was authorized to make his decision on the record of evidence that had been presented before the director of labor, as if all of such evidence had been introduced in the hearing before the superior court.

The trial justice's rescript, after setting forth the travel of the case and the facts which appeared in the record before

him, found that the petitioner had not shown by a fair preponderance of the evidence that his condition "at the present time or on June 3, 1940, was due to the accident of October 3, 1938." He further found that, apart from his conclusions as to the petitioner's physical condition, the petition could not be properly regarded as an appeal from the first decision and order of the director, because it had not been filed within the prescribed statutory period; and that it did not appear to be a petition for review, because it did not claim that the petitioner's incapacity had "subsequently ended, increased or diminished", but rather prayed for relief on the basis that the petitioner was totally and permanently incapacitated from the date of the accident, October 3, 1938. He further ruled that, if it could be considered as a statutory petition for review, it was not filed within the period allowed by chap. 300, art. III, §13, the statute in force on June 3, 1940; and that a subsequent amendment thereof (P. L. 1941, chap. 1064) was not to be deemed to have retroactive force so as to apply to this petition filed on June 3, 1940.

Whether the petition is held to be one for review, or to be an original one for relief for a new injury, or for a lighting up of an old injury caused by the same accident, as apparently now contended by petitioner, we are of the opinion that the decision of the superior court must be sustained. In any of such cases—assuming, without deciding, that a petition for review could properly be brought before the director of labor under the then existing law—the petitioner would have the burden of proving by a preponderance of evidence the allegation that his present disability was the result of the accident which happened October 3, 1938. It would not be enough to show merely that he was now totally disabled. Some causal connection between such disability and this accident must be shown.

In the instant case the trial justice made certain findings of fact, namely, that the petitioner's physical disability at the trial and on June 3, 1940, when his petition was filed, were not the result of the accident of October 3, 1938. In

the absence of fraud, findings of fact, if supported by legal evidence, are conclusive under the act. Art. III, §6. *Marconi* v. *Bartlett Scrap Iron Co.,* 66 R. I. 409, 412.

There is no claim or evidence of any fraud. The evidence concerning the extent and cause of petitioner's present disability was conflicting. The report of Dr. Danforth, who was appointed by the director of labor to examine petitioner, tends to support the latter's contention that his present disability resulted from the accident of October 3, 1938. In this connection, however, it does not appear from Dr. Danforth's report that he had considered certain X rays and medical reports concerning the petitioner's injuries and condition resulting from the previous accident, or the report of another doctor who had been appointed by the director of labor to examine the petitioner prior to the hearing on respondent's petition for review, when petitioner's disability from the accident of October 3, 1938 was found to have ceased.

In any event, the report of Dr. Gormly, who also examined the petitioner at about the same time that Dr. Danforth examined him, tended to show that the petitioner's present disability was due to chronic arthritis; that this was a progressive condition dating at least from a previous accident of March 21, 1938; that he had recovered from any effects of the accident of October 3, 1938; that his condition was now aggravated by a diseased condition of the prostate gland, which he apparently had refused to have remedied and which was not related to this accident; and that his present condition of disability was partial and was not the result of the accident of October 3, 1938. Dr. Gormly's conclusions are consistent with and corroborated by the X rays and reports of two other doctors who, in addition to Dr. Danforth, had examined the petitioner at different times in connection with alleged injuries from this accident and whose testimony or reports were before the director of labor when he granted the respondent's petition for review and ordered payments of compensation to cease. It

200

is thus clear that there is evidence to support the trial justice's findings of fact that petitioner's disability on June 3, 1940 and at trial were not the result of the accident of October 3, 1938. Such findings therefore are conclusive and cannot be disturbed by this court.

Petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Fergus J. McOsker,* for petitioner.
*Tillinghast, Collins & Tanner,* for respondent.